# Wytheville.

## VAUGHAN v. LEWIS.

### June 30th, 1892.

DEDICATION OF STREET—*Description in deed—Parol evidence.*—The owner of a sub-division conveyed Lot 13 therein, describing it as being on the northeast corner of J and L streets. L street extended from south to J street, and had not been extended further. The space that L street would have occupied, if extended, was designated on a map of the sub-division as "Lot 12." The owner's agent had told the vendee that L street would be extended if other parties beyond would continue the extension. The owner continued to pay taxes on Lot 12 until sold. L street was never so extended nor accepted by the city council, nor was it used five years, as is required by the city charter in order to constitute a dedication.

HELD :
   Insufficient to constitute a dedication of the street.

Appeal from decree of corporation court of the city of Roanoke, rendered in a chancery cause wherein Martha L. Vaughan was complainant and Andrew Lewis and another were defendants. The decree being adverse to the complainant, she appealed. Opinion states the case.

*Lockett & Cosby* and *Burns & Fulton,* for appellant.

*Watts & Robertson,* for appellees.

HINTON, J., delivered the opinion of the court.

The record of this case shows that when the city of Roanoke was incorporated a tract of land belonging to Mrs. Jane Lewis was included within the corporate limits, which she

had thereafter surveyed and laid off, designating on a map or plat the lots and streets, with their respective numbers. A copy of this map was filed in the clerk's office of the hustings court of the city of Roanoke, where it still remains on file. From this map it appears that Lewis street, which is fifty feet in width, runs northwardly into John street, intersecting it at right angles. On the north side of said John street lies a lot of land, also fifty feet in width, designated as lot No. 12, which the appellant insists is an extension of Lewis street. Adjoining this lot on the east is lot No. 13, which was purchased by the appellant, through her husband, of Major Andrew Lewis, the son and attorney-in-fact of Mrs. Jane Lewis. The only evidence of what took place at the time of the purchase is contained in the testimony of Andrew Lewis. He testifies that when Vaughan asked him about the lot he told him that if the parties owning land on the northern boundary of his mother's land would open a street to correspond with Lewis street through their land, that he would then change lot No. 12 into a street, making it a prolongation of Lewis street, and that Vaughan afterwards asked him if, at any time, he wanted to sell lot No. 12, to give him the refusal of it. • That subsequently Vaughan came and asked that a deed to the property which he had bought might be executed to Mrs. Vaughan, his wife, and that this was the first information that he had that lot No. 13 was bought for Mrs. Vaughan. The language of the deed is " that the said Jane Lewis doth grant, with general warranty of title, unto the said Martha L. Vaughan, her heirs and assigns forever, that certain lot in the town of Roanoke, county of Roanoke, state of Virginia, lying on the northeast corner of John and Lewis streets, and known and described as lot number thirteen (13), in section 2 of the Lewis addition to the town of Roanoke, a map of which said addition is on file in the clerk's office of the corporation court for the city of Roanoke, to which reference is hereby made for a fuller description of said lot," &c., &c.

Afterwards, the said Mrs. Lewis having died, the property descended to the appellees, Thomas Lewis and Andrew Lewis, her sons and only heirs at law.

Major Lewis, finding that the property-owners adjacent to the northern boundary of this land would not open the street, advertised lot No. 12 for sale; whereupon Mrs. Vaughan enjoined the sale.

At the hearing this injunction was dissolved, and from that decree this appeal has been taken.

The right to an injunction is rested upon two grounds, namely:

1st. That there has been a dedication of Lewis street to the public; and

2d. That if it be not a street, yet that the representations of Andrew Lewis, the agent of Mrs. Jane Lewis, and the terms of the deed, were such as to give Mrs. Vaughan a right to use said lot as a street, and that they have such an easement in the lot.

But neither of these positions seem to be tenable.

We have looked in vain through this record for any evidence of dedication. We have not even been able to find that lot No. 12 was even *opened* to the public as a street; or that the public have used for the period of five years, which is one of the requirements of the charter of Roanoke to constitute a statutory dedication; nor is there the faintest trace that the city ever accepted it by the proper proceedings of the council or by working on it. A witness, one R. D. Cardwell, does say that Major Lewis stated to him that Lewis street would run through the Rorer land; and another witness states, in substance, that Major Lewis gave him to understand that it would be carried across the town. Neither of these witnesses state, however, that there were any ploughed furrows north of John street, and the last-mentioned witness says, in so many words, " I cannot give any reason *why it was*

*not opened*, except on account of the dereliction of the council." It is probable that these witnesses fail to recall all that was said by Major Lewis, who, whilst he admits that at one time it was his purpose to have given this lot if the other owners would do the same, for the purpose of prolonging the street, denies that he made the statements as reported, and his testimony is sustained by the facts heretofore alluded to and by the further fact that the only map made by the city shows Lewis street as terminating at John street. Besides, it is inconceivable that he would have continued to pay the taxes after he had dedicated the lot; or that he would have opened the lot for the use of two persons only, without getting something like an equivalent therefor in the enhanced price of those lots, when the proofs show that he received no more for lot No. 13 than other like lots not situated on a corner brought.

Again, we see nothing in the language of the deed which amounts to an implied covenant that there was a street existing, or that Mrs. Vaughan was to have the easement of a street. The words " on northeast corner of John and Lewis streets," are mere words of description, and could not possibly have misled the appellant or her agent. Here the map or plat was made a part of the deed, and this gave her the means of seeing exactly what she was getting.

In *Noovan* v. *Braly*, 67 U. S., p. 499, the court says where a map or plat is thus referred to, the effect is the same as if it were copied in the deed. 2 Devlin on Deeds, § 1020 *et seq.* ; see Parke, B., in *Llewellyn* v. *Earl of Jersey*, 11 M. and W. 180 ; *s. c.*, 12 L. J. Exch. 243.

Undoubtedly, describing lands in a deed as bounded on a street of a certain description raises a covenant that the street shall be of that description, and that the purchaser shall have the use thereof. *Loving* v. *Otis*, 7 Gray 563 ; *Parker* v. *Smith*, 17 Mass. 413 ; *Moale* v. *Mayor of Baltimore*, 5 Maryland 314. But in this case there has been no such description.

The grantor, conceiving that Lewis street ended at the northern boundary of John street, merely spoke of lot No. 13 as beginning at the northeast corner of these streets, for the sake of partially locating it.

The decree of the corporation court of Roanoke is right, and must be affirmed.

DECREE AFFIRMED.